COFIELD et al. v. SUPREME CAMP OF AMERICAN WOODMEN.

(Court of Civil Appeals of Texas. Austin. Nov. 13, 1912.)

1. APPEAL AND ERROR (§ 547*) — RECORD — QUESTIONS PRESENTED FOR REVIEW.

In the absence of a statement of facts, findings by the trial court cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427, 2429–2432; Dec. Dig. § 547.*]

2. APPEAL AND ERROR (§ 564*) — STATEMENT OF FACTS—TIME OF FILING.

Under Acts 32d Leg. c. 119, § 7, fixing the time for filing statements of facts, a statement filed more than 30 days after adjournment of court without any order having been entered authorizing the same to be so filed cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564.*]

Error to Travis County Court; R. E. White, Judge.

Action by James Cofield and another against the Supreme Camp of American Woodmen. There was a judgment for plaintiffs, and they bring error. Affirmed.

D. R. Pickins, of Austin, for plaintiffs in error.

RICE, J. This suit was instituted by plaintiffs in error Jas. Cofield and wife, Indiana Cofield, against defendant in error, to recover the full amount of a policy issued to Indiana Cofield for $500, together with premiums thereon paid, amounting to $52.85, as well as for interest, attorney's fees, and statutory damages, alleging that defendant in error had theretofore issued a policy of insurance upon the life of Indiana Cofield, basing their right of recovery chiefly upon the contention that said camp had illegally canceled said policy, and denied her the right of membership therein. Defendant in error answered by special exception, general denial, and by special answer, denying that it had ever canceled her policy or denied her membership, but, on the contrary, that she had failed and refused to pay certain assessments and dues, which authorized it, under the terms of said policy, to suspend her on account of nonpayment, averring, however, that it had offered to reinstate her, provided she would comply with the rules and regulations of said order by the payment of said dues, etc., which she declined to do. A jury was waived, and the case was tried before the court, who rendered judgment in behalf of plaintiff in error for the sum of $1.80 and costs, from which judgment this appeal is prosecuted.

[1, 2] The court filed its conclusions of fact and law upon the request of plaintiff in error, from which it appears that plaintiff in error had failed to pay her assessment and dues for several months preceding the filing of said suit, and that she had not been expelled nor denied membership by reason thereof; but, on the contrary, said defendant had offered to reinstate her if she would pay same in accordance with its by-laws and regulations, that said policy had never in fact been canceled, but that plaintiff in error had failed and refused to pay said dues and assessments, and declined to continue her membership therein, and concluded as matter of law therefrom that she was not entitled to recover on said policy, but rendered judgment in her favor for $1.80, which she had improperly paid to an officer of the subordinate lodge not authorized to receive same.

These findings are assigned as error, and, without intending to intimate that they are incorrect, we cannot review them for the reason that there is no such statement of facts as can be considered by us, in that the same was filed more than 30 days after the adjournment of court without any order having been entered, authorizing the same to be so filed. See section 7, Acts of 32d Leg. p. 266, approved March 31, 1911. And in addition to this, even if said statement had been filed in due time, it could not be considered for the further reason that the same is not prepared in accordance with the law regulating the same.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.